UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LISA M. WYER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | 1:12-cv-01261-RLY-DML |
| CHUCK  HAGEL Secretary, Department of Defense, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON DEFENDANT'S MOTION TO DISMISS
CAUSE OF ACTION NO. 3**

Plaintiff, Lisa M. Wyer, is a former employee with Defense Finance and

Accounting Services ("DFAS"), an agency of the Department of Defense ("DOD").  In

Plaintiff's third cause of action, she alleges, *inter alia*, that her superiors at DFAS

retaliated against her and created a hostile work environment under Title VII of the Civil

Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., as amended, by initiating an

administrative investigation into her eligibility to occupy a non-critical sensitive position.

Defendant, Chuck Hagel, in his capacity as the Secretary of the DOD, moves to dismiss

Plaintiff's third cause of action for lack of subject matter jurisdiction.  For the reasons set

forth below, the court **GRANTS in part** the Defendant's motion.

**I.     Background**

Plaintiff worked as a secretary in the Office of General Counsel ("OGC"), DFAS,

from November 2005 to August 2010.  (Compl. ¶ 8).  As part of her position, Plaintiff

1

was required to be eligible to occupy a non-critical sensitive position.  Although that fact is not specifically pled in Plaintiff's Complaint, the parties both characterize her position as such.  (*See also id.* ¶ 73 (alleging that "virtually all positions within DFAS require a security clearance of the type Wyer holds").

Plaintiff was a friend and co-worker of Patty Ragas, an African American OGC legal secretary.  (*Id.* ¶ 9).  According to Plaintiff's Complaint, Ragas believed that Katherine Short, the Office Manager and supervisor to both Plaintiff and Ragas, was discriminating against her [Ragas] because of her race.  (*Id.* ¶ 13).  Short, like Plaintiff, is Caucasian.  (*Id.* ¶¶ 12, 55).

On January 19, 2010, Plaintiff accompanied Ragas to the DFAS Equal Employment Opportunity ("EEO") office to support Ragas's allegations, one of which concerned her belief that Short passed her [Ragas] over for a position as a paralegal in favor of Jodi Dwyer, a Caucasian employee from another DFAS office, because of Ragas's race.  (*Id.* ¶¶ 19, 26).  Two days later, Plaintiff filed her own EEO complaint, alleging harassment and discrimination because of her association with Ragas.  (*Id.* ¶ 39).

In mid-February 2010, Plaintiff opened the OGC's new document management system, ProLaw, to familiarize herself with the new software, and opened a file that she soon realized was a copy of the referral list for the promotion to paralegal for which Ragas and others applied.  (*Id.*, ¶¶ 24, 25).  Plaintiff observed that Ragas was on the list, but Dwyer was not, and immediately informed Ragas of that information.  (*Id.* ¶ 27).  Ragas opened the document from her desk computer, thanked Plaintiff for pointing it out to her, and asked Plaintiff to print the document at her desk.  (*Id.* ¶¶ 28-29).  Plaintiff

2

complied with Ragas's request, and gave her a copy of the referral list and a copy of a congratulatory email to Dwyer (the Complaint is not clear whether this was a part of the document containing the referral list), who then placed the documents in a file folder marked "EEO complaint," and locked it in her desk.  (*Id*. 29-30, 38).

Through a series of events not relevant to the present motion, Short and "other OGC staff" uncovered Ragas's EEO complaint file.  (*Id*. ¶ 32).  Upon questioning by a DFAS Internal Review investigator, Ragas admitted that the referral letter and congratulatory email came from Plaintiff.  (*Id*. ¶ 38).

An Internal Review official suspended Plaintiff without pay for thirty (30) days for the alleged misuse of government information.  (*Id*. ¶ 42).  After the suspension was upheld through the Merit System Protection Board, the DFAS Personnel Security Office notified Plaintiff that her security eligibility was under review for giving Ragas documents containing Personal Identifiable Information that the DFAS considered "sensitive" information.  (*Id*. ¶ 51).  Count 3 concerns this investigation.

Plaintiff now works for Military Pay Operations as a military pay technician.  (*Id*. ¶ 44).

## II.   Discussion

The issue presented is whether the court has jurisdiction to review the administrative decision of the DFAS to initiate an investigation into Plaintiff's eligibility to hold a non-critical sensitive position.  Plaintiff alleges the DFAS instituted the investigation in retaliation for her filing an EEO complaint and for supporting Ragas's EEO complaint.  (*See id*. ¶ 73 (alleging the "administrative investigation into P[laintiff's]

3

security clearance constitutes continuing harassment in reprisal for [Plaintiff] having filed EEO complaints and opposing discrimination by assisting Ragas in her EEO complaint)).

This case is governed by the Supreme Court's decision in *Department of the Navy v. Egan*, 484 U.S. 518 (1988), and its progeny.  In *Egan*, respondent held a civilian laborer's job at the Trident Naval Refit Facility in Bremerton, Washington.  *Id*. at 520. Because the Director of the Naval Civilian Personnel Command denied respondent security clearance, he was ineligible to maintain his job.  *Id*. at 522.   The Merit Systems Protections Board upheld respondent's removal, and the Court of Appeals for the Federal Circuit reversed.  *Id*. at 523, 525.

The Supreme Court reversed the Court of Appeals, holding that the Merit Systems Protection Board did not have the authority to review the substance of an underlying decision to deny or revoke a security clearance in the course of reviewing an adverse action.  *Id*. at 529-30.  The Court reasoned that the President, as head of the Executive Branch and as Commander in Chief, has the power "to classify and control access to information bearing on national security," and the power "to determine whether an individual is sufficiently trustworthy to occupy a position in the Executive Branch that will give that person access to such information." *Id*. at 527.  Agency officials who have been delegated the authority by the President to protect classified information, therefore, enjoy broad discretion in determining who may have access to it.  *Id*. at 529.  Thus, "a decision concerning the issuance or non-issuance of security clearance is a matter within the purview of the Executive and is not to be second-guessed by the judiciary unless

Congress had provided otherwise." *Hill v. White*, 321 F.3d 1334, 1336 (11th Cir. 2003) (citing *Egan*, 484 U.S. at 527-30).

Plaintiff contends that her case is different from *Egan*, because she is challenging the *initiation* of an administrative investigation into her eligibility to hold a security clearance, not the substance of the decision itself.  As held by the Fourth Circuit, "[t]he distinction between the initiation of a security investigation and the denial of a security clearance is a distinction without a difference." *Becerra v. Dalton*, 94 F.3d 145, 149 (4th Cir. 1996).  This is because the reasons advanced in support of a security investigation may be the same reasons why the final security decision is made, leading the court to review the very issues the Supreme Court held are non-reviewable.  *Id*.  The same reasoning applies with equal force to Plaintiff's Count 3.

## III.  Conclusion

Plaintiff's allegations regarding her eligibility to hold a non-critical sensitive position at DFAS are outside the jurisdiction of the court.  Therefore, the bulk of Plaintiff's allegations contained in Count 3 (paragraphs 70-75) and in her Complaint in general (paragraphs 3, 51, 53, 66) must be stricken.  To the extent Count 3 relies on allegations outside the scope of that investigation, her claim remains.  Accordingly, Defendant's Motion to Dismiss Plaintiff's Cause of Action No. 3 (Docket # 11) is **GRANTED in part**.

**SO ORDERED** this 7th day of June 2013.

RICHARD L. YOUNG,  CHIEF JUDGE
United States District Court
Southern District of Indiana

5

Distributed Electronically to Registered Counsel of Record.