UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LISA M. WYER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | 1:12-cv-01261-RLY-DML |
| CHUCK HAGEL, ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON PLAINTIFF'S MOTION TO RECONSIDER THE COURT'S ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS CAUSE OF ACTION NO. 3**

Plaintiff, Lisa M. Wyer, is a former employee with Defense Finance and Accounting Services ("DFAS"), an agency of the Department of Defense ("DOD"). In Plaintiff's third cause of action, she alleges, *inter alia*, that her superiors at DFAS retaliated against her and created a hostile work environment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended, by initiating an administrative investigation into her eligibility to occupy a non-critical sensitive position. Defendant, Chuck Hagel, in his capacity as the Secretary of the DOD, moved to dismiss Plaintiff's third cause of action for lack of subject matter jurisdiction, and the court granted the motion, in part, on June 13, 2013. Plaintiff now moves the court to reconsider that ruling.

In its Entry, the court relied upon the Supreme Court's decision in *Department of the Navy v. Egan*, 484 U.S. 518 (1988), which held that a decision concerning the

1

issuance or non-issuance of security clearance is a discretionary decision made exclusively by the Executive Branch of government, and is not to be second-guessed by the judiciary.  *Id*. at 528-30 ("[U]nless Congress specifically has provided otherwise, courts traditionally have been reluctant to intrude upon the authority of the Executive in military and national security affairs.").  Plaintiff sought to distinguish her case from *Egan* by noting that her challenge is limited to the conduct which led to the *initiation* of an administrative investigation into her eligibility to hold a security clearance, and not the substance of the decision itself.  The court rejected this argument, relying on a Fourth Circuit decision which held, "The distinction between the initiation of a security investigation and the denial of a security clearance is a distinction without a difference," because the reasons advanced in support of a security investigation may be the same reasons why the final security decision is made, leading the court to review the very issues the *Egan* Court held are non-reviewable.  *Becerra v. Dalton,* 94 F.3d 145, 149 (4th Cir. 1996).

Citing *Rattigan v. Holder*, 689 F.3d 764 (D.C. Cir. 2012), Plaintiff argues once again that a Title VII plaintiff may bring a discrimination or retaliation claim based on the conduct that led to the initiation of a security clearance investigation.  *Rattigan* limited its holding to cases where a Title VII plaintiff could "show that agency employees acted with retaliatory or discriminatory motive in reporting or referring information that they knew to be false."  *Id*. at 771.  In other words, *Rattigan* is limited to situations where employees report "outright lies" about fellow employees.  *Id*. at 770.

2

Plaintiff's reliance on *Rattigan* is misplaced. First, *Rattigan* is not new law, and was published before the parties' briefed the Defendant's motion to dismiss. In fact, Plaintiff referred to *Rattigan* in her opposition to that motion only to refute Defendant's characterization of the case. (*See* Plaintiff's Response at 7 ("Defendant also cites [*Rattigan*], but mischaracterizes the holding. . . . It did not, as Defendant improperly states, reaffirm that *Egan* precludes review under Title VII of a decision to investigate security clearance eligibility."). Plaintiff did not argue then that her claim fit within *Rattigan's* holding. Because "[m]otions to reconsider are not for addressing arguments that a party should have raised earlier," *Solis v. Current Dev. Corp.*, 557 F.3d 772, 780 (7th Cir. 2009), Plaintiff's reliance on *Rattigan*'s holding is without merit. Second, even if the court were to adopt *Rattigan*'s reasoning for purposes of Plaintiff's motion to reconsider, Plaintiff's dismissed claim would not fall within the narrow scope of its holding. Although Plaintiff now argues Defendant made knowingly false statements and allegations which led to the initiation of the investigation into her security clearance, Plaintiff's Complaint contains no such allegations. For these reasons, Plaintiff's Motion to Reconsider the Court's Order Granting In Part Defendant's Motion to Dismiss Cause of Action No. 3 (Docket # 32) is **DENIED**.

**SO ORDERED** this 7th day of October 2013.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.